IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-0500 (GK) |
| ) | |
| U.S. DEPARTMENT OF JUSTICE; ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Judicial Watch, Inc. ("Judicial Watch"), by counsel and pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, hereby submits this opposition to Defendant's motion for summary judgment. As grounds therefor, Judicial Watch, states as follows:

**MEMORANDUM OF LAW**

**I. INTRODUCTION.**

    **A. Background.**

At issue in this case is Defendant's refusal to shed any light on what appears to be a politically motivated dismissal of serious voter intimidation claims. For over a year, the U.S. Commission on Civil Rights ("the Commission") has investigated Defendant's unusual action in *United States v. New Black Panther Party for Self-Defense*, Civil Action No. 2:09-cv-0065 (E.D. Pa.), of dismissing voter intimidation claims against three defendants who did not contest their own liability. U.S. Commission on Civil Rights, *An Interim Report: Race Neutral Enforcement of the Law? DOJ and the New Black Panther Party Litigation*, November 19, 2010 (available at http://www.usccr.gov/NBPH/CommissionInterimReport_11-23-2010.pdf) at 1. The Commission received an explanation from Defendant that the dismissal of claims "was based on

a review of the totality of the circumstances and was simply a matter of career people disagreeing with other career people about the adequacy of the evidence under the pertinent law." *Id*. at 2.  The Commission however obtained information that has placed Defendant's explanation "into serious doubt." *Id*.  The evidence suggests that "hostility to race-neutral enforcement influenced the decisionmaking process" in *United States v. New Black Panther Party for Self-Defense*.  *Id*. at 3.

As part of its investigation into this controversial litigation, the Commission attempted to ascertain what contacts, if any, occurred between the Department of Justice and third parties, specifically, the NAACP Legal Defense and Education Fund.  *Id.* at 61.  The Commission learned that Ms. Kristen Clarke, an employee of the NAACP Legal Defense Fund, may have discussed the *Black Panther* litigation with employees of Defendant.  *Id.* Although Ms. Clarke denied during a deposition that she engaged in any substantive discussions of the Black Panther litigation with Defendant, the Commission obtained testimony from other witnesses suggesting that such discussions likely did occur. *Id.* at 66.  As the report states, "it is not possible to reconcile the competing versions of such contacts, due to the fact that the Department has precluded its employees from testifying before the Commission, and Ms. Clarke has refused to testify regarding certain relevant questions." *Id.* at 67.

### B. Plaintiff's FOIA Request and Procedural History.

In furtherance of its investigation into these matters, on November 2, 2010, Judicial Watch sent Defendant, by certified U.S. mail and facsimile, a FOIA request seeking access to any and all records concerning or relating to the following topics:

> Any and all records of communication between the Civil Rights Division and the National Association for the Advancement of Colored People Legal Defense Fund (including, but not limited to communications with Kristen Clarke, Director of Political Participation) concerning, regarding or relating to U.S. v. New Black Panther Party for Self-Defendse, et al., (09-CV-0065). The time frame for this request is November 4, 2008 to May 22, 2009.

*See* Judicial Watch Complaint at ¶5.

Judicial Watch received no response whatsoever to its FOIA request within the required 20 day period mandated by 5 U.S.C. §552(a)(6)(A). Therefore, Judicial Watch initiated this litigation on March 9, 2011. On April 19, 2011, Defendant informed Judicial Watch by letter that it had located no documents responsive to Judicial Watch's November 2, 2010 FOIA request. *See* Defendant's Motion for Summary Judgment ("Def. Mot.") at 3.

## II.   ARGUMENT

### A. Summary Judgment Standard.

FOIA generally requires complete disclosure of requested agency information unless the information falls into one of FOIA's nine clearly delineated exemptions. 5 U.S.C. § 552(b); *see also Department of the Air Force v. Rose*, 425 U.S. 352, 360-61 (1976) (discussing the history and purpose of FOIA and the structure of FOIA exemptions). In light of FOIA's goal of promoting a general philosophy of full agency disclosure, the exemptions are to be construed narrowly. *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 151 (1989). "[T]he strong presumption in favor of disclosure places the burden on the agency to justify the withholding of any requested documents." *United States Dep't of State v. Ray*, 502 U.S. 164, 173 (1991).

In FOIA litigation, as in all litigation, summary judgment is appropriate only when the pleadings and declarations demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986); Fed.R.Civ.P. 56(c). In FOIA cases, agency decisions to "withhold or disclose information under FOIA are reviewed *de novo.*" *Judicial Watch, Inc. v. U.S. Postal Service*, 297 F. Supp.2d 252, 256 (D.D.C. 2004). In reviewing a motion for summary judgment under FOIA, the court must view the facts in the light most favorable to the requester. *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984).

      **B.**      **Defendant Has Failed to Conduct an Adequate Search for Documents.**

When courts analyze whether an agency performed an adequate search, courts do not assess "whether any further documents might conceivably exist." *Weisberg v. U.S. Department of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983) (*quoting Perry v. Block*, 684 F.2d 121, 128 (D.C. Cir. 1982)). Instead, courts generally evaluate "whether the government's search for responsive documents was adequate." *Weisberg*, 705 F.2d at 1351. "'The adequacy of an agency's search is measured by a standard of reasonableness' and is 'dependent upon the circumstances of the case.'" *Id.* (*quoting McGehee v. CIA,* 697 F.2d 1095, 1100-01 (D.C. Cir. 1983) and *Founding Church of Scientology v. National Security Agency*, 610 F.2d 824, 834 (D.C. Cir. 1979)).

Specifically, an agency "must make a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested, and it cannot limit its search to only one record system if there are others that are likely to turn up the information requested." *Nation Magazine vs. United States Customs Service*, 71 F.3d at 885, 890 (D.C. Cir 1995)(internal citations omitted).

In the instant case, it is clear that Defendant's search for responsive documents was inadequate. During the Commission's deposition of Kristen Clarke, a January 19, 2009 e-mail from Judith Reed, an employee of Defendant, to Ms. Clarke was introduced and attached as

4

Exhibit A to her deposition.  *See* Exhibit 1.  This document is clearly responsive to Plaintiff's November 2, 2010 FOIA request, yet it was not produced to Plaintiff.  The e-mail includes a forwarded newspaper article in which the *Black Panther* litigation is discussed.  *Id.*  Defendant acknowledges using materials from the Commission's investigation to help formulate its own search, but despite this, Defendant incredibly claims that it did not discover this January 19, 2009 e-mail in its search. *See* Declaration of Nelson D. Hermilla ("Hermilla Dec.") at ¶17.

Defendant attempts to explain this discrepancy by stating that Defendant does not ordinarily retain e-mails merely forwarding newspaper articles. *Id*. at ¶¶21-22.  However, the January 19, 2009 e-mail clearly contains more than a forwarded newspaper article.  It contains, among other things, the following statement: "Don't know if you were aware of this *latest* lawsuit," suggesting that Ms. Reed had had prior communications with Ms. Clarke about the *Black Panther* litigation. *See* Exhibit 1 (emphasis added).

The Hermilla Declaration also states that in formulating its search, one of the search terms used was _____@NAACPLDF.org.  Hermilla Dec. at ¶8.  This is one of the e-mails addresses contained in the January 19, 2009 e-mail produced to the Commission, making it even more unlikely that the document would not have been uncovered by a reasonable document search.

Because at least one record exists that is responsive to Plaintiff's request, it is irrefutable that Defendant has not produced all responsive records.  Moreover, in light of the fact that Defendant admits it used the Commission's records when formulating its search and still did not discover the January 19, 2009 e-mail, Defendant has clearly failed to demonstrate that its search was reasonable. *Perry*, 684 F.2d 121 at 128.  Therefore, Defendant has failed to satisfy its burden of demonstrating that its search for records responsive to Plaintiff's November 2, 2010 FOIA

request was adequate and should conduct a new search for all responsive records and produce all non-exempt records to Plaintiff.

## III. CONCLUSION.

For all the foregoing reasons, Defendant's Motion for Summary Judgment against Plaintiff should be denied.

Dated: May 27, 2011                                    Respectfully submitted,


                                                       JUDICIAL WATCH, INC.


                                                       /s/Jason B. Aldrich
                                                       D.C. Bar No. 495488
                                                       Suite 800
                                                       425 Third Street, S.W.
                                                       Washington, DC 20024
                                                       (202) 646-5172

                                                       *Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-0500 (GK) |
| ) | |
| U.S. DEPARTMENT OF JUSTICE; ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE
IS A GENUINE ISSUE AND DISPUTE FILED IN OPPOSITION TO
<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiff Judicial Watch, Inc. ("Judicial Watch"), by counsel and pursuant to LCvR 56.1, submits the following Statement of Material Facts as to Which There is a Genuine Issue and Dispute:

1. Judicial Watch denies that Defendant conducted an adequate search for documents responsive to Judicial Watch's November 2, 2010 FOIA request.

As to Defendant's statements, Judicial Watch responds as follows:

1. Undisputed.

2. Disputed, to the extent that Defendant claims that its searches were properly designed to locate documents responsive to Plaintiff's November 2, 2010 FOIA request.

3. Plaintiff lacks knowledge to confirm or deny whether such an event occurred. *See Judicial Watch, Inc. v. Food and Drug Admin.*, 449 F.3d 141, 145 (D.C. Cir. 2006) (noting the "asymmetrical distribution of knowledge" as between a FOIA requester and an agency in FOIA cases).

4. Disputed, to the extent that Defendant claims that its searches were properly designed to locate documents responsive to Plaintiff's November 2, 2010 FOIA request.

5. Disputed, to the extent that Defendant claims that its searches were properly designed to locate documents responsive to Plaintiff's November 2, 2010 FOIA request.

6. Plaintiff lacks knowledge to confirm or deny whether such an event occurred. *See Judicial Watch, Inc. v. Food and Drug Admin.*, 449 F.3d 141, 145 (D.C. Cir. 2006) (noting the "asymmetrical distribution of knowledge" as between a FOIA requester and an agency in FOIA cases).

7. Undisputed.

8. Plaintiff lacks knowledge to confirm or deny whether such an event occurred. *See Judicial Watch, Inc. v. Food and Drug Admin.*, 449 F.3d 141, 145 (D.C. Cir. 2006) (noting the "asymmetrical distribution of knowledge" as between a FOIA requester and an agency in FOIA cases).

9. Plaintiff lacks knowledge to confirm or deny whether such an event occurred. *See Judicial Watch, Inc. v. Food and Drug Admin.*, 449 F.3d 141, 145 (D.C. Cir. 2006) (noting the "asymmetrical distribution of knowledge" as between a FOIA requester and an agency in FOIA cases).

10. Plaintiff lacks knowledge to confirm or deny whether such an event occurred. *See Judicial Watch, Inc. v. Food and Drug Admin.*, 449 F.3d 141, 145 (D.C. Cir. 2006) (noting the "asymmetrical distribution of knowledge" as between a FOIA requester and an agency in FOIA cases).

11. Disputed, to the extent that Defendant claims that its searches were properly designed to locate documents responsive to Plaintiff's November 2, 2010 FOIA request.

12. Plaintiff lacks knowledge to confirm or deny whether such an event occurred. *See Judicial Watch, Inc. v. Food and Drug Admin.*, 449 F.3d 141, 145 (D.C. Cir. 2006) (noting the "asymmetrical distribution of knowledge" as between a FOIA requester and an agency in FOIA cases).

13. Plaintiff lacks knowledge to confirm or deny whether such an event occurred. *See Judicial Watch, Inc. v. Food and Drug Admin.*, 449 F.3d 141, 145 (D.C. Cir. 2006) (noting the "asymmetrical distribution of knowledge" as between a FOIA requester and an agency in FOIA cases).

14. Plaintiff lacks knowledge to confirm or deny whether such an event occurred. *See Judicial Watch, Inc. v. Food and Drug Admin.*, 449 F.3d 141, 145 (D.C. Cir. 2006) (noting the "asymmetrical distribution of knowledge" as between a FOIA requester and an agency in FOIA cases).

15. Plaintiff lacks knowledge to confirm or deny whether such an event occurred. *See Judicial Watch, Inc. v. Food and Drug Admin.*, 449 F.3d 141, 145 (D.C. Cir. 2006) (noting the "asymmetrical distribution of knowledge" as between a FOIA requester and an agency in FOIA cases).

16. Plaintiff lacks knowledge to confirm or deny whether such an event occurred. *See Judicial Watch, Inc. v. Food and Drug Admin.*, 449 F.3d 141, 145 (D.C. Cir. 2006) (noting the "asymmetrical distribution of knowledge" as between a FOIA requester and an agency in FOIA cases).

17. Disputed, to the extent that Defendant claims that its searches were properly designed to locate documents responsive to Plaintiff's November 2, 2010 FOIA request.

18.     Disputed, to the extent that Defendant claims that its searches were properly designed to locate documents responsive to Plaintiff's November 2, 2010 FOIA request.

Dated: May 27, 2011                                        Respectfully submitted,

                                                           JUDICIAL WATCH, INC.

                                                           /s/ Jason Aldrich
                                                           D.C. Bar No. 495488
                                                           Suite 800
                                                           425 Third Street, S.W.
                                                           Washington, DC 20024
                                                           (202) 646-5172

                                                           *Attorneys for Plaintiff Judicial Watch*